1:13-mj-00004-LCL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

I, Bryce K Dahlin, United States Postal Inspector, do hereby swear and affirm the following facts as being true to the best of my knowledge, information, and belief:

1. I am a United States Postal Inspector, assigned to investigate the unlawful transportation of contraband, including Title 21 controlled substances, through the United States Mail. I have been a Postal Inspector since April 2013. Before I was a Postal Inspector I served in the United States Air Force as a Security Police Officer specializing as a Working Dog Handler. I spent two years handling narcotic detecting K-9's. At the Postal Inspection Academy I was trained to investigate and how to detect illegal materials sent through the mail. As part of my duties, I investigate incidents where the United States mail system is used for the purpose of transporting non-mailable matter, including controlled substances such as marijuana, cocaine, methamphetamine and heroin, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and substances mailed in violation of Title 18, United States Code, Section 1716.

2. Based on my experience, training and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators exist when persons use the United States Mails to ship controlled substances from one location to another. Indicators for parcels that contain controlled substances include, but are not limited to the

following:

a. It is a common practice for the shippers of the controlled substances to use Express or Priority Mail because the drugs arrive faster and within one to five days, but this may vary in Alaska due to geographical location and weather. It is also a common practice for the shipper to add Delivery Confirmation, so the parcel can be tracked.

b. These parcels in many instances contain a fictitious return address, incomplete return address, no return address, the return address is same as the addressee address, or the return address does not match the place where the parcel was mailed from. These packages are also sometimes addressed to or from a commercial mail receiving agency (i.e., UPS Store). These address practices are used by narcotics traffickers to hide the true identity of the person(s) shipping and/or receiving the controlled substances from law enforcement officials.

c. In order to conceal the distinctive smell of controlled substances from narcotic detector dogs, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all the seams. Also, the parcels often contain other parcels which are carefully sealed to prevent the escape of odors. Sometimes perfumes, coffee, dryer sheets, tobacco or other smelling substances are used to mask the

2

odor of the controlled substances being shipped.

d. When the shipper mails controlled substances from a particular area/state, the proceeds from the sale of these controlled substances may be returned to the shipper. Based on experience and discussions, there are known source states, where controlled substances are mailed from, including California, Florida, Oregon, Washington, Arizona, and Texas.

e. I know from training and discussions with other law enforcement officers that the following controlled substances are likely to be found during parcel interdictions: marijuana, methamphetamine, cocaine, LSD, psilocybin mushrooms, heroin, opium, and MDMA.

3. In this warrant application, I seek this Court's authority to search this Express Mail parcel bearing USPS Tracking Number EI 602165468 US, which is described in greater detail below, for controlled substances in violation of Title 21 U.S.C. Sections 841(a)(1) and 843(b) and Title 18 U.S.C. Section 1716.

## RELEVANT FACTS PERTAINING TO EXPRESS MAIL PARCEL ~~EI 768700331 US~~ EI 602165468 US

4. On June 19, 2013, the Express Parcel EI 602165468 US that is the subject of this search warrant affidavit, hereinafter referred to as the subject parcel, was identified by postal inspectors during a postal interdiction in conjunction with a postal sort at the Sitka Post Office 1207 SMC, Sitka, ~~WA~~ AK 99835. The subject parcel is addressed to "Dave Romjue, PO Box

3

6038, Sitka, AK 99835" from "R. Short, 13118 105th Ave, Puyallup, WA 98374." A photocopy of the label of the subject parcel is attached as **Exhibit 1**. The subject parcel weighs approximately 1lb 11.9oz and is described as a U.S. Express Mail Box, bearing handwritten sender and addressee information. The subject parcel is affixed with a Postage Validation Imprinter sticker in the amount of $34.55, and was mailed on June 18, 2013 from 98373.

5. This parcel was identified due to characteristics drug traffickers use to prevent the detection of drugs being shipped through the mail. For this parcel, these characteristics included, but are not limited to:

   a. Sent from a known source state. (Washington is a known narcotics source state from which narcotics are shipped out and proceeds of narcotics sales are sent to. See Paragraph 2.d).

   b. Senders name ran through Accurint Database confirming sender R. Short does not associate with listed address on parcel of 13118 105th Ave. Puyallup, WA 98374. Current resident of listed address is Norma Skidmore. Addressee, Dave Romjue has a positive narcotics seizure of a parcel sent to him containing 6.5 oz of Marijuana on 14 October 2011. A mail watch was issued on 19 September 2011 for Dave Romjue's mailing address at PO Box 6038 Sitka, AK 99835 after 17 label profiles identified similar packages sent to Mr. Romjue. The data provided by Accurint is a combination of over 33 billion records from over 8,800 different

data sources which are updated daily, weekly, monthly, and annually, depending on the particular data source.

c.

6. On June 19, 2013 the parcel was presented before a narcotics dog and the dog sniff resulted in a positive hit on the package. A copy of the dog sniff result and related details are attached in **Exhibit 2**.

7. The subject parcel is currently in the custody of Postal Inspector Bryce Dahlin at the Sitka Post Office, 1207 SMC, Sitka, AK 99835, and is in its original sealed and intact condition.

8. Based on my training and experience as a Postal Inspector and the aforementioned factors, your affiant believes there is probable cause to believe that the subject package contains controlled substances, and/or other evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 843(b), and Title 18, United States Code, Section 1716

FURTHER AFFIANT SAYETH NAUGHT.

Sworn to before me
Bryce K. Dahlin
Postal Inspector           **Signature Redacted**

Subscribed and sworn to before me, this 20th day June 2013.

**Signature Redacted**
U.S. MAGISTRATE JUDGE
Leslie Longenbaugh

ATTACHMENT A

Express Mail parcel with USPS Tracking Number EI 602165468 US, bearing meter strip number 00016987-11 for the amount of $34.55, addressed to "Dave Romjue, PO Box 6038 Sitka, AK 99835" from "R. Short 13118 105th Ave, Puyallup, WA 98374." (SUBJECT PARCEL) currently located in a locked container at the Sitka Post Office, 1207 SMC, Sitka, AK 99835.

## ATTACHMENT B

### PROPERTY TO BE SEIZED

a. Any Controlled substances
b. Likely proceeds of narcotics trafficking, such as U.S. Currency and other negotiable instruments; and
c. Documents and other items, in any form, tending to identify co-conspirators, including but not limited to letters, notes, memoranda, address and phone books, lists of names, buy/owe sheets, and photographs; and
d. Documents and other items tending to establish or hide the whereabouts of proceeds from narcotics trafficking, such as keys, financial records and ledgers, and
e. Documents and other items tending to show the identity of the sender or receiver, including but not limited to bills or other business-related documents, shipping material and receipts indicia of shipments or mailings, photographs and film; and
f. Records of drug transactions and evidence of distribution of controlled substances, including but not limited to accounts payable and receivable, buy/owe sheets, contracts, letters and memoranda, receipts, telephone records and bills, papers and documents containing lists of names, addresses and other personal property tending to establish the distribution of controlled substances;
g. Documents showing storage areas of controlled substances

AST CASE NO. _____

SEARCH WARRANT NO. _____

ATTACHMENT IN SUPPORT OF AFFIDAVIT FOR SEARCH WARRANT

# PERFORMANCE RECORD OF SCENT DETECTION CANINE TEAM INV. DUR'AN & K-9 "JUSTICE"

The facts tending to establish the forgoing grounds for issuance of a search warrant are as follows:

1. The affiant is K-9 handler and Investigator Larry L. Dur'an II, who has been an Alaska State Trooper since February 24, 2008. In addition to completing 217 hours of training related to the interdiction of controlled substances, the affiant has completed a 2-week, 80-hour Drug Detection Canine Academy through the Alaska State Troopers K-9 Unit. The affiant and K-9 Justice have been certified as a scent detection team since May 2, 2013.

2. K-9 Justice completed a 2-week, 80-hour Drug Detection Canine Academy through the Alaska State Troopers K-9 Unit and was certified in the detection of the following controlled substances: Cocaine, Heroin, Methamphetamine, Marijuana, and the derivatives thereof on May 2, 2013. K-9 Justice had two prior state certified K-9 handlers and successfully completed two prior Drug Detection Canine Academies through the Alaska State Troopers K-9 Unit.

3. From May 2, 2013 to present, K-9 Justice has been commanded to sniff for the presence of the odor of the previously mentioned controlled substances approximately 37 times during scent detection training and has indicated on 37 of the training substances. K-9 Justice performs blank training searches where no controlled substances are present and also trains in a variety of environments and conditions including, but not limited to, luggage, vehicles, packages, currency, residences, and commercial buildings as part of his maintenance training.

4. Since K-9 Justice's last certification, K-9 Justice has been commanded to sniff for the presence of the odor of the above mentioned controlled substances 60 times during actual controlled substance investigations and has indicated 36 times during those investigations. Subsequent searches and/or interviews have corroborated K-9 Justice's indication to the presence of the odor of controlled substances on 33 of those indications. There has been 03 occasions where K-9 Justice indicated and the reason for the indication remains unexplained.

5. Currently there are 02 of the K-9 indications that are unexplained due to pending search warrants.

6. On June 19 2013, at approximately 1303 hours, K-9 Justice indicated to the presence of the odor of one or more of the above controlled substances coming from a USPS parcel being mailed to "Dave Romjue, PO Box 6038, Sitka, AK 99835" and being mailed from "R. Short, 13118 105th Ave, Puyallop, WA 98374." At approximately 1209 hours, this suspect parcel was previously placed in a room among four (4) empty (blank) parcels. K-9 Justice did not indicate on any of the parcels. K-9 Justice was showing signs of being too hot such as heavy panting and lethargy. K-9 Justice was soon thereafter placed back in a kennel and giving the chance to cool down. Given the suspicious characteristics of the parcel, it was determined that the parcel would be placed before K-9 Justice again among four (4) empty parcels. K-9 Justice indicated only on the suspect parcel.

Title – Inv. Larry L Dur'an II    Signature _____